IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:10-CV-00265-H

| | |
|---|---|
| MICHAEL BATEMAN, VIRGIL GREEN, FORREST MINGES, JR., GRNC/FFE, INC., and SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BEVERLY PERDUE, REUBEN F. YOUNG, STOKES COUNTY, and CITY OF KING,<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STOKES COUNTY'S MOTION TO DISMISS** |

NOW COMES Defendant Stokes County ("County"), by and through its attorneys of record, and pursuant to Local Civil Rule 7.1(d) and 7.2 for the Eastern District of North Carolina, and hereby files this Memorandum of Law in support of the County's Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Nature of the Case

Plaintiffs instituted this action on July 1, 2010, against Defendants Beverly Perdue, Reuben F. Young, Stokes County and the City of King. Plaintiffs allege that N.C. Gen. Stat. §§ 14-288.7, 14-288.12(b)(4), 14-288.13(b), 14-288.14(a) and 14-288.15(d) (collectively, "the Statutes") are unconstitutional in that they forbid the exercise of Plaintiffs' Second Amendment rights, a violation of 42 U.S.C. § 1983. (Compl. ¶¶ 32-33.) Plaintiffs seek an order permanently enjoining Defendants from enforcing said Statutes.

1

## Statement of the Facts

N.C. Gen. Stat. § 14-288.12-.15 vests authority in the Governor, as well as municipalities and counties, to declare a "state of emergency" in their respective jurisdictions. The Statutes challenged by Plaintiffs prohibit individuals from carrying dangerous weapons off their own premises during declared states of emergency, and vest the Governor, municipalities and counties with authority to further prohibit and restrict, *inter alia*, the possession, transportation, sale or purchase of dangerous weapons and substances during declared states of emergency.

Plaintiffs have alleged that "on or about January 30, 2010, Governor Beverly Perdue issued Executive Order 47, declaring a state of emergency throughout the entire state of North Carolina for up to thirty days." (Compl. ¶ 19.) Further, "Defendants City of King and Stokes County declared a state of emergency." (Compl. ¶ 20.) As to the City of King only, Plaintiffs alleged that the City's proclamation "forbade the sale or purchase of firearms and ammunition, as well as the possession of firearms and ammunition off an individual's premises." (Compl. ¶ 20.) The only references to Stokes County in Plaintiffs' Complaint are as follows:

> 8. Defendant Stokes County is a governmental entity organized under the Constitution and laws of the State of North Carolina, possessing legal personhood within the meaning of 42 U.S.C. § 1983. The County is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit.
>
> 20. On or about February 5, 2010, Defendants City of King and Stokes County declared a state of emergency.
>
> 22. Plaintiff Virgil Green resides in an unincorporated area of Stokes County, just outside the city limits of King. Green must frequently visit and travel through the City of King.
>
> 25. GRNC/FFE and SAF have numerous members and supporters throughout North Carolina, including its coastal areas, Stokes County, and the City of King, who are likewise impacted by declared states of emergency which curtail their abilities to possess

firearms and ammunition for any purposes, including self-defense and even hunting.

(Compl. ¶¶ 8, 20, 22 and 25.)

Plaintiffs have not alleged that (1) the County's declaration of a state of emergency contained any firearm restrictions or (2) that the County has enforced any firearm restrictions during a state of emergency. Indeed, the Plaintiffs have focused their challenge solely on the constitutionality of the North Carolina General Statutes, not the constitutionality of any ordinance, proclamation, declaration or action by the County. (Compl. ¶¶ 32-33.)

## Argument

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint, with the Court's inquiry "limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citations omitted). In evaluating a Motion to Dismiss, the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.* (citations omitted). In this case, Plaintiffs' allegations – even taken in the light most favorable to Plaintiffs – fail to reveal any claim upon which relief may be granted as to the Defendant County.

As set forth above, the only allegations involving the County are that the County declared a state of emergency and that Plaintiff Virgil Green and other members of GRNC/FFE and SAF reside in the County. There is no reference to any prohibition or restriction on firearms contained in the County's declaration of a state of emergency, nor is there any allegation that the County otherwise attempted to prohibit or restrict firearms.[1] Although one of the challenged

---

[1] There is no such reference in the Complaint presumably because the Stokes County Proclamation of a State of Emergency merely provides that if it becomes necessary to impose any prohibitions or restrictions, the Chairman of

3

statutes, N.C. Gen. Stat. § 14-288.13(b), <u>allows</u> a county to impose certain prohibitions and restrictions during states of emergency, including prohibitions and restrictions on firearms, the statute does not require a county to do so. Accordingly, there is no inference that can be drawn that by simply declaring a state of emergency, the County prohibited or restricted Plaintiffs' ability to buy, sell, possess, transport or carry firearms and ammunition.

Our Supreme Court has established that local governing bodies may be sued directly under § 1983 but only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or the constitutional deprivations are "visited pursuant to a governmental 'custom'." *See Monell v. Dept. of Social Services of the City of New York*, 426 U.S. 658, 690 (1978). Plaintiffs' § 1983 claim relates only to the alleged unconstitutionality of several North Carolina General Statutes – not to any ordinance, regulation, declaration, decision or action by the County. No claim has been pled against the County, and the County is not a necessary party to the determination of the constitutionality of any state statute. Accordingly, Plaintiffs have failed to state a claim against the County for which relief may be granted, and dismissal of Plaintiffs' Complaint is therefore proper.

## Conclusion

For the reasons set forth herein, Defendant Stokes County respectfully requests that Plaintiffs' Complaint be dismissed as to Stokes County with prejudice, and for such other and further relief as the Court may deem proper.

---

the Board of Commissioners will issue said restrictions in accordance with the Stokes County Emergency Management Ordinance. The Proclamation contained no restrictions pertaining to firearms or otherwise.

4

This the 11th day of August, 2010.

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

_____
Henry W. Jones, Jr. (N.C. Bar No. 8343)

/s/ Lori P. Jones
Lori P. Jones (N.C. Bar No. 32872)
*Attorneys for Stokes County*

1951 Clark Avenue
Raleigh, North Carolina 27605
Email: hjones@jordanprice.com
        ljones@jordanprice.com
Telephone: (919) 828-2501
Fax: (919) 831-4484

CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Memorandum of Law in Support of Defendant Stokes County's Motion to Dismiss with the Clerk of Court using the CM/ECF system which will serve notification of such filing on the following:

>Kearns Davis (kdavis@brookspierce.com)
>Andrew Tripp (atripp@brookspierce.com)
>Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
>1600 Wachovia Center
>150 Fayetteville Street
>Raleigh, North Carolina 27601
>*Counsel for Plaintiffs*
>
>Mark A. Davis (mdavis@ncdoj.gov)
>Special Deputy Attorney General
>N.C. Department of Justice
>P.O. Box 629
>Raleigh, North Carolina 27602
>*Counsel for Defendants Beverly Perdue and Reuben F. Young*
>
>Walter W. Pitt, Jr. (wpitt@belldavispitt.com)
>Kevin G. Williams (kwilliams@belldavispitt.com)
>Bell, Davis & Pitt, P.A.
>P.O. Box 21029
>Winston-Salem, North Carolina 27120
>*Counsel for Defendant City of King*

This the 11th day of August, 2010.

>JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC
>
>/s/ Lori P. Jones
>Lori P. Jones (N.C. Bar No. 32872)
>*Attorneys for Stokes County*