# EXHIBIT A

LEXSEE

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. MARQUEL DUSHUAN RILEY, a/k/a Mark Riley, Defendant - Appellant, and RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN; GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS; JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS; CHASE MANHATTAN MORTGAGE CORPORATION, Parties-in-Interest.

No. 08-4775

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

359 Fed. Appx. 402; 2010 U.S. App. LEXIS 24

December 16, 2009, Submitted
January 4, 2010, Decided

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]
Appeal from the United States District Court for the District of South Carolina, at Columbia. (3:02-cr-00548-CMC-18). Cameron McGowan Currie, District Judge.
United States v. Hayes, 351 Fed. Appx. 811, 2009 U.S. App. LEXIS 24964 (4th Cir. S.C., Nov. 13, 2009)

**DISPOSITION:** AFFIRMED.

**COUNSEL:** Lourie A. Salley, III, Lexington, South Carolina, for Appellant.

W. Walter Wilkins, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

**JUDGES:** Before NIEMEYER and DUNCAN, Circuit Judges, and John Preston BAILEY, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

**OPINION**

[*403] PER CURIAM:

Marquel Dushuan Riley was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to 272 months in prison. Riley appealed, challenging his conviction and sentence. We affirmed Riley's conviction but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished) ("Davis I").

On remand, the district court imposed a 200-month variant sentence [**2] and Riley timely appealed. Riley asserts that his variant sentence should be vacated because he argues that the district court erred when it enhanced his original Guidelines range based on his possession of a dangerous weapon during the commission of the crime for which he was convicted. According to Riley, the Supreme Court's decision in District of Columbia v. Heller, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), requires a district court to exercise "greater scrutiny" before enhancing a sentence for lawful possession of a firearm, and "require[s] a nexus between possession of a firearm and commission of the crime." Finding no error, we affirm the district court's judgment.

We find that any arguments pertaining to the calculation of Riley's Guidelines range are barred from this court's consideration under the mandate rule; Riley either previously raised his objections at his original sentencing and on his first appeal, or could have raised them but did not. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d

Page 1

Case 5:10-cv-00265-H   Document 30-2   Filed 08/13/10   Page 2 of 3

64, 66 (4th Cir. 1993) (stating [**3] that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

Moreover, "the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted). The law of the case must be applied

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*Id.* (internal citation and quotation marks omitted); *see Doe v. Chao*, 511 F.3d 461, 464-66 [*404] (4th Cir. 2007) (discussing mandate rule and its exceptions).

This court's mandate in *Davis I* only directed the district court to resentence Riley under a non-mandatory Guidelines regime. *See Davis*, 270 F. App'x at 248, 256 & n.16. Because [**4] Riley points to no circumstances that would allow this court to consider his Guidelines range calculation on this appeal, Riley's challenge to his Guidelines range is foreclosed by the mandate rule.

Riley's suggestion that *Heller* altered the legal landscape, thereby excepting his Guidelines range challenge from the mandate rule, is meritless. *Heller* held that the Second Amendment secures an individual's right to keep handguns in the home for self-protection. *Heller*, 128 S. Ct. at 2821-22. *Heller* also emphasized, however, that the opinion should not "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 2816-17. Because the Supreme Court explicitly stated that it identified "these presumptively lawful regulatory measures only as examples" and that its "list [did] not purport to be exhaustive," *id.* at 2817 n.26, *Heller* had no effect on the Guidelines' directive to enhance a Guidelines range if a weapon was present during the commission of a crime. *See* [**5] *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) & cmt. n.3 (2008). Because *Heller* is not "controlling authority [that] has since made a contrary decision of law applicable to the issue," Riley's objection to his weapons enhancement is not excepted from the mandate rule.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*