IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:10-CV-00265-H

| | |
|---|---|
| MICHAEL BATEMAN, VIRGIL GREEN, FORREST MINGES, JR., GRNC/FFE, INC., and SECOND AMENDMENT FOUNDATION, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BEVERLY PERDUE, REUBEN F. YOUNG, STOKES COUNTY and CITY OF KING, <br><br>Defendants. | **DEFENDANT CITY OF KING'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

Defendant City of King (the "City") respectfully submits this brief in support of its Motion to Dismiss Plaintiffs' Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.  **SUMMARY OF THE NATURE OF THE CASE.**

On July 1, 2010, Plaintiffs instituted this action against Defendants Beverly Perdue, Reuben F. Young, Stokes County and the City of King. Plaintiffs allege that N.C. Gen. Stat. §§ 14-288.7, 14-288.12(b)(4), 14-288.13(b), 14-288.14(a) and 14-288.15(d) (collectively "the Statutes") are unconstitutional in that they forbid the exercise of Plaintiffs' Second Amendment rights in violation of 42 U.S.C. § 1983. Compl. ¶¶ 32-33. Plaintiffs seek an order permanently enjoining Defendants from enforcing the Statutes.

#500712.1

II. **STATEMENT OF THE FACTS.**

North Carolina General Statute § 14-288.7 states in pertinent part, "[e]xcept as otherwise provided in this section, it is unlawful for any person to transport or possess off his own premises any dangerous weapon or substance in any area: (1) In which a declared state of emergency exists[.]"[1] A "state of emergency" may be declared by the Governor, or by any municipality or county. See N.C. Gen. Stat. §§ 14-288.12-.15. Additionally, declarations of states of emergency may contain "prohibitions and restrictions . . . (4) Upon the possession, transportation, sale, purchase, storage, and use of dangerous weapons and substances . . ." N.C. Gen. Stat. § 14-288.12(b).

Plaintiffs allege that "[o]n or about January 30, 2010, Defendant Perdue issued Executive Order 47, declaring a state of emergency throughout the entire state of North Carolina for up to thirty days." Compl. ¶ 19. Plaintiffs further allege that "[o]n or about February 5, 2010, Defendants City of King and Stokes County declared a state of emergency. Defendant City of King's proclamation forbade the sale or purchase of firearms and ammunition, as well as the possession of firearms and ammunition off an individual's premises." Compl. ¶ 20. The only additional references to the City of King in Plaintiffs' Complaint are as follows:

> 9. Defendant City of King is a governmental entity organized under the Constitution and laws of the State of North Carolina, possessing

---

[1] The terms "declared state of emergency" and "dangerous weapon or substance" are defined in N.C. Gen. Stat. §14-288.1(3) and (2), respectively.

legal personhood within the meaning of 42 U.S.C. § 1983. The City is responsible for executing and administering the laws, customs, practices, and policies at issue in this lawsuit.

  22. Plaintiff Virgil Green resides in an unincorporated area of Stokes County, just outside the city limits of King. Green must frequently visit and travel through the City of King.

  25. GRNC/FFE and SAF have numerous members and supporters throughout North Carolina, including its coastal areas, Stokes County, and the City of King, who are likewise impacted by declared states of emergency which curtail their abilities to possess firearms and ammunition for any purposes, including self-defense and even hunting.

## III. QUESTION PRESENTED.

The question presented by this Motion and supporting Memorandum of Law is whether Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief requested can be granted as to the City when the only relief sought by Plaintiffs is prospective injunctive relief relating to the constitutionality of the Statutes.

## IV. ARGUMENT.

### A. Introduction.

Plaintiffs' Complaint is limited to a facial challenge of the constitutionality of the Statutes, wherein Plaintiffs conclusively allege that they are entitled to prospective, permanent injunctive relief against enforcement of the Statutes. Compl. ¶¶ 32-33. Plaintiffs have not challenged the constitutionality of any ordinance, proclamation, declaration or action by the City, nor does the Complaint seek damages from the City based upon any policy adopted or action taken by the City. Simply stated, although Plaintiffs correctly state that the City declared a state of emergency pursuant to the challenged

3

#500712.1

Case 5:10-cv-00265-H   Document 33   Filed 08/17/10   Page 3 of 8

statutory framework, because Plaintiffs seek prospective injunctive relief only, the City is simply not an appropriate party to determine whether the Statutes are constitutional. Accordingly Plaintiffs' Complaint fails to state a claim again the City upon which relief can be granted and it should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. <u>Standard.</u>

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Greenhouse v. MCG Capitol Corp.*, 392 F.3d 650, 655 (4th Cir. 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements of a cause of action or facts to support such elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

When reviewing a complaint under Rule 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and "construe[s] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). However, while construing those facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkt's Inc. v. J.D. Assoc.'s Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A motion to dismiss "allows a court to eliminate

actions that are fatally flawed in their legal premises." *Parham v. Pepsico, Inc.*, 927 F. Supp. 177, 178 (E.D.N.C. 1995).

    C.    **Plaintiffs' Complaint Should Be Dismissed Because it Fails to State a Claim Upon Which Relief May Be Granted Against the City.**

The United States Supreme Court has established that, under certain circumstances, local governing bodies can be sued directly under § 1983, but only if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *See Monell v. Dept. of Social Services of the City of New York*, 426 U.S. 658, 690 (1978). A government entity is responsible under § 1983 only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* at 694. In order for a municipality to be directly charged with fault for a constitutional violation, the policy or custom must be attributable to the municipality as its "own" and this municipal policy or custom must be the "moving force" behind the constitutional violation. *See id.* at 683, 694.

Here, Plaintiffs' § 1983 claim relates only to the constitutionality and enforceability of several North Carolina General Statutes, and does not relate to any ordinance, regulation, decision, policy or action by the City. Additionally, other than prospective injunctive relief against the enforcement of the Statutes, Plaintiffs seek no relief against any of the Defendants, including the City, and, indeed, have pled no claim

against the City. The Complaint merely mentions the City as an example of a local government that has previously declared a state of emergency pursuant to the Statutes. Moreover, given the limited nature of the injunctive relief that Plaintiffs seek, the City's absence as a defendant in this lawsuit in no way prevents Plaintiffs from pursuing their claims. Accordingly, Plaintiffs' Complaint fails to state a claim against the City for which relief may be granted and it should, therefore, be dismissed.

## V. CONCLUSION.

For the foregoing reasons, Defendant City of King respectfully requests that Plaintiffs' Complaint be dismissed as to the City of King, with prejudice, and for such other relief as the Court may deem just and proper.

Respectfully submitted this the 17th day of August, 2010.

/s/ Kevin G. Williams
Kevin G. Williams
N.C. State Bar No. 25760
Walter W. Pitt, Jr.
N.C. State Bar No. 3467
BELL, DAVIS & PITT, P.A.
Post Office Box 21029
Winston-Salem, North Carolina 27120
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
Email: kwilliams@belldavispitt.com
        wpitt@belldavispitt.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2010, I electronically filed the foregoing DEFENDANT CITY OF KING'S BRIEF IN SUPPORT OF MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>ALAN GURA
>Gura & Possessky, PLLC
>101 N. Columbus St., Suite 405
>Alexandria, VA 22314
>Email: alan@gurapossessky.com
>*Attorney for Plaintiffs*
>
>KEARNS DAVIS
>ANDREW TRIPP
>Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
>1600 Wachovia Center
>150 Fayetteville Street
>Raleigh, North Carolina 27601
>Email: kdavis@brookspierce.com
>       atripp@brookspierce.com
>*Attorneys for Plaintiffs*
>
>HENRY W. JONES, JR.
>LORI P. JONES
>Jordan Price Wall Gray Jones & Carlton, PLLC
>1951 Clark Avenue
>Raleigh, North Carolina 27605
>Email: hjones@jordanprice.com
>       ljones@jordanprice.com
>*Attorneys for Defendant Stokes County*

MARK A. DAVIS
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Email: mdavis@ncdoj.gov
*Attorney for Defendants Beverly Perdue and Reuben F. Young*

                    /s/ Kevin G. Williams
                    Kevin G. Williams
                    N.C. State Bar No. 25760
                    Walter W. Pitt, Jr.
                    N.C. State Bar No. 3467
                    BELL, DAVIS & PITT, P.A.
                    Post Office Box 21029
                    Winston-Salem, North Carolina 27120
                    Telephone: (336) 722-3700
                    Facsimile: (336) 722-8153
                    Email: kwilliams@belldavispitt.com
                             wpitt@belldavispitt.com