IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BATEMAN, et al., | ) | Case No. 5:10-CV-265-H |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN OPPOSITION TO** |
| v. | ) | **DEFENDANTS CITY OF KING AND** |
| | ) | **STOKES COUNTY'S MOTIONS TO** |
| | ) | **DISMISS** |
| BEVERLY PERDUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS CITY OF KING AND STOKES COUNTY'S MOTIONS TO DISMISS

**COME NOW** the Plaintiffs, Michael Bateman, Virgil Green, Forrest Minges, Jr.,

GRNC/FFE, Inc., and Second Amendment Foundation, Inc., by and through undersigned counsel,

and submit their Memorandum of Points and Authorities in Opposition to Defendants City of

King and Stokes County's Motions to Dismiss.

Dated: September 24, 2010                    Respectfully submitted,

/s/ Alan Gura                                /s/ Andrew Tripp
Alan Gura                                    N.C. State Bar 34254
Gura & Possessky, PLLC                       atripp@brookspierce.com
101 N. Columbus Street, Suite 405
Alexandria, VA 22314                         BROOKS, PIERCE, MCLENDON,
703.835.9085/Fax 703.997.7665                   HUMPHREY & LEONARD, L.L.P.
                                             1600 Wachovia Center
*Counsel for Plaintiffs*                     150 Fayetteville Street
                                             Raleigh, NC 27601
                                             Telephone: 919-839-0300
                                             Facsimile: 919-839-0304

                                             *Local Civil Rule 83.1 Counsel for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS CITY OF KING AND STOKES COUNTY'S MOTIONS TO DISMISS

### PRELIMINARY STATEMENT

The facts and circumstances surrounding this dispute are fully set forth in Plaintiffs' memorandum in opposition to the State Defendants' motion to dismiss. This pleading addresses only the separate, largely identical arguments raised by Defendants City of King and Stokes County ("Municipal Defendants").[1]

Municipal Defendants are being sued because they invoked the challenged provisions to impose states of emergency, thereby triggering a prohibition on the carrying of firearms in violation of Plaintiffs' Second Amendment rights pursuant to N.C. Gen. Stat. § 14-288.7. This was a criminal prohibition that Municipal Defendants' law enforcement officers are bound to enforce. Defendant King went one step further, enacting an ordinance pursuant to N.C. Gen. Stat. § 14-288.12 that provided in pertinent part: "There shall be no sale or purchase of any type of firearm or ammunition, or possession of such items . . . off owner's own premises." Exhibit A; Complaint, ¶ 20.

In doing so, Municipal Defendants violated 42 U.S.C. § 1983. Their motions do not disclaim intent to pronounce future states of emergency. Future violations of Plaintiffs' rights at the direction of Municipal Defendants are therefore all but guaranteed to occur, and Plaintiffs are well within their rights to seek relief against such conduct. Plaintiffs need not wait for the Municipal Defendants to arrest them the next time Defendants invoke the challenged provisions.

---

[1] Counsel for Defendants have agreed to this format.

1

ARGUMENT

Defendant Stokes County correctly points out that it has not enacted the laws challenged by Plaintiffs, or utilized all of the specific authority available to it under state law that its co-defendant, the City of King, has invoked in its emergency declaration.

But that is beside the point. Regardless of whether Defendant County believes that the state's policy is a good idea, the Complaint plainly alleges that Municipal Defendants, including Stokes County, triggered the policy's enforcement and will do so again absent injunctive relief. For purposes of this motion, the salient facts are simply: (1) the County declared a state of emergency pursuant to N.C. Gen. Stat. § 14-288.13; (2) as a consequence of that declaration, it became unlawful in Stokes County "for any person to transport or possess off his own premises any dangerous weapon." N.C. Gen. Stat. § 14-288.7(a)(1); and (3) absent injunctive relief, this conduct will recur.

Presumably, the County's law enforcement officers, who are sworn to uphold and enforce the laws of the state, would enforce Section 14-288.7. Certainly nothing in the County's motion suggests otherwise. Plaintiffs and other members of the public, upon hearing that the County has declared a state of emergency, are put to the choice of obeying the state's law, or risking their arrest by the County's law enforcement officers for violating it.

The same arguments hold true for Defendant City of King, to the extent that King's state of emergency declarations automatically trigger the operation of Section 14-288.7, which King's police are bound to enforce. But Defendant King went one step further: it positively enacted bans on the off-home possession of guns, and on the sale and purchase of guns and ammunition. It is difficult to see how an official city proclamation signed by the mayor does not "represent official

2

policy," is not "attributable to the municipality as its 'own,'" or is not "the 'moving force' behind the constitutional violation." Def. City of King's Br. at 5 (citations omitted). And absent injunctive relief, this conduct can recur at any time.

Everything that Municipal Defendants do, they do pursuant to a grant of authority from the State of North Carolina. But that does not mean they are not responsible for their actions. Under 42 U.S.C. § 1983, Plaintiffs may seek redress against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

Municipal Defendants are "persons" for Section 1983 purposes, and "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government, as an entity, is responsible under § 1983." *Monell* v. *Dept. of Social Svcs.*, 436 U.S. 658, 694 (1978). "[M]unicipal 'policy' is found most obviously in municipal ordinances, regulations and the like which directly command or authorize constitutional violations." *Spell* v. *McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987) (citation omitted). That is an apt description of what Municipal Defendants have done. And by continuing to declare states of emergency, by operation of law, Municipal Defendants will continually violate Plaintiffs' Second Amendment rights.

Were Municipal Defendants correct, they could authorize their law enforcement officers to enforce unconstitutional state laws – in the parlance of Section 1983, to subject individuals to the deprivation of their fundamental rights under color of state law – yet avoid this Court's review of their conduct. That is simply not correct. The bottom line is that when Municipal Defendants

3

enacted an emergency ordinance, they automatically, under state law, imposed a ban on the carrying of arms. Defendant King specifically banned carrying of arms in its proclamation, and banned commerce in arms as well. Plaintiffs cannot sue the legislature, or the state, to enforce Section 1983. The correct defendants here are the City and County, the "persons" that affirmatively invoked the state's authority to create the unconstitutional conditions.

Plaintiffs take no position on whether Municipal Defendants could, as a matter of state law, declare their refusal to enforce Section 14-288.7, or whether such a policy would be binding on their law enforcement officers. To state a claim for relief against Municipal Defendants, it is enough to note that they affirmatively triggered the legal disability at issue, and pose a substantial threat of recurring enforcement, such that Plaintiffs are reasonable in believing they could be arrested by Defendants' law enforcement officers should Plaintiffs exercise what they believe to be their rights during a city or county-imposed state of emergency.

## CONCLUSION

Plaintiffs respectfully ask that the motion to dismiss be denied.

Dated: September 24, 2010

Respectfully submitted,

/s/ Alan Gura
Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

*Counsel for Plaintiffs*

/s/ Andrew Tripp
N.C. State Bar 34254
atripp@brookspierce.com

BROOKS, PIERCE, MCLENDON,
   HUMPHREY & LEONARD, L.L.P.
1600 Wachovia Center
150 Fayetteville Street
Raleigh, NC 27601
Telephone: 919-839-0300
Facsimile: 919-839-0304

*Local Civil Rule 83.1 Counsel for Plaintiffs*

4

CERTIFICATE OF SERVICE

  I hereby certify that on this the 24th day of September, 2010, I electronically filed the foregoing Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Andrew T. Tripp
Kearns Davis
Brooks, Pierce, McLendon
 Humphrey & Leonard, L.L.P.
P.O. Box 1800
Raleigh, NC 27602

Henry W. Jones, Jr.
Lori P. Jones
Jordan Price Wall Gray Jones &
 Carlton, PLLC
1951 Clark Avenue
P.O. Box 10669
Raleigh, NC 27605

Walter W. Pitt, Jr.
Kevin G. Williams
Bell, Davis & Pitt
P.O. Box 21029
Winston-Salem, NC 27120

Mark A. Davis
Special Deputy Attorney General
North Carolina Dept. of Justice
P. O. Box 629
Raleigh, NC 27602

/s/Alan Gura
Counsel for Plaintiffs