IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-00265-H

| | |
|---|---|
| MICHAEL BATEMAN, VIRGIL GREEN, FORREST MINGES, JR., GRNC/FFE, INC., and SECOND AMENDMENT FOUNDATION, INC., | )<br>)<br>)<br>) |
| *Plaintiff*s, | ) |
| v. | ) **BRIEF IN SUPPORT OF**<br>) **THE STATE DEFENDANTS'**<br>) **MOTION FOR SUMMARY**<br>) **JUDGMENT** |
| BEVERLY PERDUE, REUBEN F. YOUNG, STOKES COUNTY, and CITY OF KING, | )<br>) |
| *Defendants*. | ) |

## STATEMENT OF THE CASE AND FACTS

Plaintiffs filed this declaratory judgment action seeking the facial invalidation of N.C. GEN. STAT. § 14-288.7 and the "Authorizing Statutes" (N.C. GEN. STAT. §§ 14-288.12(b)(4);14-288.13(b);14-288.14(a); and 14-288.15(d)). Defendants Beverly Perdue and Reuben F. Young (hereafter "the State Defendants") have filed a Motion to Dismiss that has been fully briefed by the parties and is currently awaiting a ruling from this Court. Both the State Defendants and Plaintiffs have now filed cross-Motions for Summary Judgment. The State Defendants submit the present brief in support of their Motion for Summary Judgment.

## INTRODUCTION

In the brief in support of their motion for summary judgment (hereafter "Plaintiffs' SJ Brief"), Plaintiffs concede that the State "is not without power to regulate the possession and use of firearms in the interest of public safety . . . ." (Pls.' SJ Br. at 5) However, this admission undercuts

their entire position in this lawsuit, which is that they possess an absolute right to possess a firearm during a state of emergency.

The remainder of Plaintiffs' SJ Brief essentially rehashes the arguments contained in their brief in opposition to the State Defendants' Motion to Dismiss. Moreover, the bulk of Plaintiffs' SJ Brief does not even address the provisions of the North Carolina General Statutes that lie at the heart of this lawsuit or, for that matter, address states of emergency at all, and, instead, simply speaks in generalities about the Second Amendment.

Furthermore, Plaintiffs make no effort to show – as they must – that there are no circumstances under which the North Carolina statutes at issue could operate constitutionally. *See United States v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707 (1987). Instead, Plaintiffs have chosen to simply ignore the high hurdle they face in trying to prevail on a facial challenge to N.C. GEN. STAT. § 14-288.7 and the Authorizing Statutes.

In short, despite asking this Court to expand the scope of the Second Amendment far beyond the boundaries set by any other court in this nation, Plaintiffs, once again, fail to identify any legal authorities actually demonstrating their entitlement to such relief – which is not surprising because no such legal support exists. Nor do they explain why this Court should issue a ruling contrary to *District of Columbia v. Heller*, __ U.S. __, 128 S. Ct. 2783 (2008), in which the United States Supreme Court made clear that, even under normal circumstances, rights under the Second Amendment *are not absolute*.

For the reasons set out in detail below as well as in the brief in support of the State Defendants' Motion to Dismiss and the reply brief in support of the State Defendants' Motion to Dismiss (both of which are incorporated herein by reference), Plaintiffs' arguments lack merit and

-2-

Case 5:10-cv-00265-H   Document 53   Filed 12/15/10   Page 2 of 9

summary judgment should be granted in favor of the State Defendants. In addition, while affidavits are not necessary for this Court to rule on a purely facial statutory challenge such as the present one, the State Defendants are – out of an abundance of caution – filing contemporaneously herewith affidavits from various individuals around North Carolina who are familiar with the demands placed on governmental workers when responding to states of emergency.

## ARGUMENT

I. **THE PROVISIONS OF THE NORTH CAROLINA STATUTES AT ISSUE ARE PART OF A LONGSTANDING AND COMPREHENSIVE LEGISLATIVE RESPONSE BY THE GENERAL ASSEMBLY TO THE THREATS POSED BY STATES OF EMERGENCY.**

At the outset, it is important to note that N.C. GEN. STAT. § 14-288.7 and the Authorizing Statutes are not recent legislative enactments cobbled together to diminish access to firearms in response to *Heller*. To the contrary, these laws were originally enacted in 1969 as part of Article 36A of Chapter 14 of the North Carolina General Statutes – which encompasses a wealth of laws dealing with riots and other civil disorders. In Article 36A, the General Assembly addresses a wide range of emergency-related issues such as the inciting of riots, looting, trespass, assembling weapons of mass destruction, inspection of vehicles in riot areas, and evacuation of public buildings. *See* N.C. GEN. STAT. § 14-288.1 *et seq*.

Furthermore, N.C. GEN. STAT. § 14-288.7 and the Authorizing Statutes do not single out firearms. Rather, § 14-288.7 applies to "dangerous weapon[s] or substance[s]," which are defined to also encompass explosives, incendiary devices, and radioactive materials. *See* N.C. GEN. STAT. § 14-288.1(2). Moreover, the Authorizing Statutes enable local governments to pass ordinances regulating not only firearms but also alcoholic beverages, gasoline, and the movement of people in

-3-

public places. *See* N.C. GEN. STAT. § 14-288.12(b). Thus, N.C. GEN. STAT. § 14-288.7 and the Authorizing Statutes are components of a longstanding and concerted effort by the General Assembly to protect the public safety during emergency circumstances.

## II. HELLER FORECLOSES PLAINTIFFS' ATTEMPT TO ESTABLISH AN ABSOLUTE RIGHT TO POSSESS FIREARMS DURING A STATE OF EMERGENCY.

Plaintiffs give lip service to that portion of *Heller* in which the Supreme Court articulated illustrative, non-exclusive examples of restrictions that states can place on firearms that are consistent with the Second Amendment, including a prohibition on firearms in sensitive places. *See Heller*, 128 S. Ct. at 2816-17 & n.26. However, Plaintiffs fail to acknowledge the conflict between that aspect of the *Heller* decision and the position they are advancing in this lawsuit. As the State Defendants have explained in their earlier briefs, there exist sensitive places in both emergency and non-emergency circumstances where the presence of an armed person is a threat to public safety. Indeed, these statutes reflect the General Assembly's recognition that the number of such places actually increases during a state of emergency. For this reason, *Heller* is a fatal bar to Plaintiffs' facial challenges in the present case.[1]

---

[1] Plaintiffs also trot out once more what is, in essence, their call for two separate sets of state laws – one for law-abiding citizens and one for lawbreakers. However, as discussed on p. 9 of the reply brief in support of the State Defendants' Motion to Dismiss, such an argument is inconsistent with reality.

### III. BECAUSE PLAINTIFFS ARE SO CLEARLY UNABLE TO MOUNT A SUCCESSFUL FACIAL CHALLENGE IN THE PRESENT CASE, THIS COURT NEED NOT DETERMINE WHICH LEVEL OF SCRUTINY APPLIES TO LAWSUITS ASSERTING AS-APPLIED CHALLENGES UNDER THE SECOND AMENDMENT.

Plaintiffs' discussion regarding the appropriate standard of review for Second Amendment cases in the abstract is inapposite because this Court does not have to reach that issue in the present case. Rather, the State Defendants are entitled to dismissal of this action as a matter of law based simply on the principles set out in *Salerno* and *Heller*. In *Heller*, the Supreme Court took certain issues "off the table" for Second Amendment purposes. As noted above, one of those issues was whether a Second Amendment right exists to transport a gun into a sensitive area (i.e. a government building or a school). Thus, a lawsuit seeking, for example, a judicial declaration recognizing a right to bring a firearm into a government building during a state of emergency would be subject to dismissal based on *Heller* – without the need for the court to identify a particular standard of review.

The same is true regarding the present facial attack on the North Carolina statutes at issue. Based on the applicable test as set out in *Salerno*, the only way Plaintiffs could prevail in this lawsuit would be to show that during a declared state of emergency there are no sensitive places *at all*. Obviously, Plaintiffs cannot do that. Indeed, the necessary implication of their argument is that during a state of emergency a person *would*, in fact, have a Second Amendment right to bring a weapon into a government building such as a police station or an EMS station despite *Heller's* clear language stating that no constitutional right exists to bring a gun into such a building. In so arguing, Plaintiffs are, therefore, implicitly asking this Court to overrule that portion of the *Heller* decision.

Accordingly, dismissal of this action is proper without the need for this Court to predict what standard of review the Supreme Court may ultimately adopt for more difficult as-applied challenges

under the Second Amendment. *See Northwest Austin Muni. Util. Dist. No. One v. Holder*, __ U.S. __, 129 S. Ct. 2504, 2508 (2009) (noting that federal courts should avoid resolution of unnecessary constitutional questions).[2]

## IV. THE CASES CITED BY PLAINTIFFS DO NOT SUPPORT THEIR POSITION IN THIS ACTION.

The cases cited by Plaintiffs in their SJ Brief fall into two categories: (1) cases involving wholly unrelated issues arising under the Second Amendment; and (2) cases relating to provisions of the Constitution other than the Second Amendment. None of these cases advance their position in this lawsuit. What Plaintiffs have been unable to find is any legal authority supporting the notion that an absolute and unrestricted right exists to possess weapons off of one's property during a state of emergency. Indeed, the unrelated cases referenced in Plaintiffs' SJ Brief merely magnify the absence of any judicial authority contradicting the commonsense proposition that states are

---

[2] While, based on *Salerno*, the State Defendants do not have the burden of establishing the constitutionality of these North Carolina statutes under a time, place, and manner standard of review, it is worth noting that these laws would, in fact, be constitutional under such an analysis. Indeed, the very essence of these statutes is to restrict the possession of firearms off of one's property *at a particular time* – during a state of emergency. A future party with standing to argue that the duration of one particular state of emergency (and the duration of the concomitant restriction on firearms) was excessive is free to bring a lawsuit asserting such an argument on an *as applied* basis. However, as the State Defendants have repeatedly shown in their earlier briefs, that is not what Plaintiffs are seeking here. To the contrary, Plaintiffs seek a declaration that N.C. GEN. STAT. § 14-288.7 and the Authorizing Statutes are *facially* unconstitutional based on their belief that they have an absolute and unlimited right to take guns off their premises at any time and for any reason during a state of emergency.

Moreover, to the extent Plaintiffs advocate the application of a strict scrutiny standard of review, it is also worth noting that a number of courts have refused to apply strict scrutiny review to Second Amendment challenges post-*Heller*. *See*, *e.g.*, *United States v. Yanez-Vasquez*, 2010 U.S. Dist. LEXIS 8166 at *14-15 (D. Kan. 2010); *United States v. Jones*, 2009 U.S. Dist. LEXIS 127070 at *11-12 (N.D. Ga. 2009); *United States v. Bledsoe*, 2008 U.S. Dist. LEXIS 60522 at *10-11 (W.D. Tex. 2008).

constitutionally permitted to restrict the possession of guns off of one's premises during the extraordinary circumstances existing during a declared emergency.[3]

## V. THE AFFIDAVITS SUBMITTED BY PLAINTIFFS LACK ANY SUBSTANTIVE VALUE TO THEIR CLAIMS IN THIS ACTION.

Although Plaintiffs have submitted affidavits from Michael Bateman, Forrest Minges, Jr., Virgil Green, Paul Valone, and Julianne Versnel, these affidavits add nothing of substance to the issues before this Court. Indeed, these affidavits are nothing more than an attempt to bolster the shaky assertion in the Complaint that these individuals actually possess standing to bring this lawsuit.

## VI. PLAINTIFFS IGNORE THE FACT THAT THEIR CHALLENGE TO THE AUTHORIZING STATUTES IS NOT RIPE.

Finally, Plaintiffs' SJ Brief does not even try to explain why their challenge to the Authorizing Statutes is ripe. For the reasons set out in the State Defendants' earlier briefs, Plaintiffs' attempt to facially invalidate the Authorizing Statutes is not only substantively flawed but also fails to satisfy basic principles of ripeness.

## **CONCLUSION**

For all of these reasons, the State Defendants respectfully submit that their Motion to Dismiss and/or Motion for Summary Judgment should be granted and that Plaintiffs' Motion for Summary Judgment should be denied.

---

[3] The State has previously demonstrated the invalidity of Plaintiffs' argument regarding the right to purchase guns and ammunition during a state of emergency. (*See* State's Mot. to Dismiss Reply Br. at 9-10 n.2) Their argument on that issue likewise fails to satisfy the *Salerno* test (which is applicable to all of the claims Plaintiffs have asserted in this action).

Respectfully submitted, this the 15th day of December, 2010.

        ROY COOPER
        Attorney General

        /s/Mark A. Davis
        Mark A. Davis
        Special Deputy Attorney General

        N.C. Department of Justice
        Post Office Box 629
        Raleigh, NC 27602
        E-mail: mdavis@ncdoj.gov
        Telephone: (919) 716-6900
        Facsimile: (919) 716-6763
        State Bar No. 18142

        **Attorney for the State Defendants**

-8-

Case 5:10-cv-00265-H   Document 53   Filed 12/15/10   Page 8 of 9

## CERTIFICATE OF SERVICE

I hereby certify that on this day, December 15, 2010, I electronically filed the foregoing **BRIEF IN SUPPORT OF THE STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314

Andrew T. Tripp
Kearns Davis
Brooks, Pierce, McLendon
 Humphrey & Leonard, L.L.P.
P.O. Box 1800
Raleigh, NC 27602

Walter W. Pitt, Jr.
Kevin G. Williams
Bell, Davis & Pitt
P.O. Box 21029
Winston-Salem, NC 27120

Henry W. Jones, Jr.
Lori P. Jones
Jordan Price Wall Gray Jones &
 Carlton, PLLC
1951 Clark Avenue
P.O. Box 10669
Raleigh, NC 27605

/s/Mark A. Davis
Mark A. Davis
Special Deputy Attorney General