IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:10-CV-00265-H

MICHAEL BATEMAN, VIRGIL GREEN, )
FORREST MINGES, JR., GRNC/FFE, INC., )
and SECOND AMENDMENT )
FOUNDATION, INC., )
 )
   Plaintiffs, )
 )
 )  **AFFIDAVIT OF JIMMY WALKER**
v. )
 )
 )
BEVERLY PERDUE, REUBEN F. YOUNG, )
STOKES COUNTY, and CITY OF KING, )
 )
   Defendants. )

I, Jimmy Walker, first being duly sworn, do hereby state as follows:

1. I am a citizen and resident of Stokes County, North Carolina.

2. I am over the age of 18 years and competent to testify as to the matters stated herein. I have personal knowledge of all matters stated herein.

3. I am currently a County Commissioner for Stokes County. In February of 2010, I was Chairman of the Board of Commissioners for Stokes County.

4. On February 5, 2010, in my capacity as Chairman, I signed a Proclamation of a State of Emergency in the County of Stokes, North Carolina ("Proclamation"), a true and accurate copy of which is attached as Exhibit A and incorporated herein by reference.

5. At no point during this state of emergency did the Board of Commissioners issue any prohibitions or restrictions related to the possession of firearms and ammunition or the purchase or sale of firearms and ammunition.

6.    The Proclamation itself was not intended to, nor did it, restrict a resident's possession of firearms and ammunition, or prevent a resident's ability to purchase and sell firearms or ammunition.

7.    The Plaintiffs have claimed that N.C. Gen. Stat. §§ 14-288.7, 14-288.12(b)(4), 14-288.13(b), 14-288.14(a) and 14-288.15(d) are unconstitutional.  Stokes County did not have any involvement in promulgating, adopting or implementing these state statutes.


Further Affiant sayeth not.


This the ____13____ day of December, 2010.

_____
Jimmy Walker


Sworn to and subscribed before me
this the _13th_ day of December, 2010.

_____
Notary Public

Darlene  M. Bullins
Printed Name

My Commission Expires:

_9-27-2014_



OFFICIAL SEAL
Notary Public, North Carolina
COUNTY OF STOKES
DARLENE M. BULLINS
My Commission Expires 9-27-2014

CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Affidavit with the Clerk of Court using the CM/ECF system which will serve notification of such filing on the following:

Alan Gura (alan@gurapossessky.com)
Bura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, Virginia 22314
*Counsel for Plaintiffs*

Kearns Davis (kdavis@brookspierce.com)
Andrew Tripp (atripp@brookspierce.com)
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
1600 Wachovia Center
150 Fayetteville Street
Raleigh, North Carolina 27601
*Counsel for Plaintiffs*

Mark A. Davis (mdavis@ncdoj.gov)
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
*Counsel for Defendants Beverly Perdue and Reuben F. Young*

Walter W. Pitt, Jr. (wpitt@belldavispitt.com)
Kevin G. Williams (kwilliams@belldavispitt.com)
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, North Carolina 27120
*Counsel for Defendant City of King*

This the 16th day of December, 2010.

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

_____/s/ Lori P. Jones_____
Lori P. Jones (N.C. Bar No. 32872)
*Counsel for Stokes County*



# Stokes County
### Office of the Chairman of
### the Board of County Commissioners

# PROCLAMATION OF A STATE OF EMERGENCY
# IN THE COUNTY OF STOKES, NORTH CAROLINA

Section 1.     Pursuant to the Stokes County Emergency Management Ordinance, Parts 1 and 2, adopted 02/20/1989 and 04/26/2004 respectively, and under the authority of Article 36A of Chapter 14, Chapter 166A, and Chapter 153A of the North Carolina General Statutes, I have determined that a State of Emergency as defined in the County Emergency Management Ordinance (Part 1) Section 1(a) exists in the County of Stokes.

Section 2.     I, therefore, proclaim the existence of a State of Emergency in the County of Stokes due to the Winter Storm of ~~December 18, 2009~~ FEBRUARY 5TH 2010

Section 3.     If, in the best interests of public safety and protection, it becomes necessary to impose any prohibitions and restrictions specified in the Stokes County Emergency Management Ordinance, I shall issue such prohibitions and restrictions at the time and in the manner specified by the Stokes County Emergency Management Ordinance.

Section 4.     I shall by proclamation terminate the State of Emergency when the conditions no longer require such action.

Section 5.     This proclamation shall become effective immediately. Proclaimed this the ~~8th day of December 2009 at 11:51~~ 5TH DAY OF FEBRUARY AT 1:00 P.M.

By: _____
Jimmy Walker
Chairman, Board of Commissioners

Attest: _____

Name: Monty Stevens

Title: ES Director