IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:10-CV-265-H

| | |
|---|---|
| MICHAEL BATEMAN, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   **ORDER** |
| | ) |
| BEVERLY PERDUE, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

This cause is before the Court upon the motion for leave to file an *amicus* brief filed by non-parties Brady Center to Prevent Gun Violence, North Carolina Million Mom March Chapters of the Brady Campaign to Prevent Gun Violence, and Religious Coalition for a Nonviolent Durham (DE-72). No party has responded to this request and the time for doing so has expired. Accordingly, this motion is now ripe for adjudication.

In Bryant v. Better Business Bureau of Greater Maryland, Inc., 923 F. Supp. 720 (D.Md. 1996), it was noted:

> Traditionally, the role of *amici* has been to act as a friend of the court, providing guidance on questions of law. "At the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure." Yip v. Pagano, 606 F.Supp. 1566, 1568 (D.N.J.1985), *aff'd*, 782 F.2d 1033 (3rd Cir.), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986). The decision to grant leave to proceed as *amici* at the trial court level is discretionary. Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir.1982); Waste Mgmt. v. York, 162 F.R.D. 34, 36 (M.D.Pa.1995) (collecting cases). The aid of *amici curiae* has been allowed at the trial level where they provide helpful analysis of the law, *see, e.g.*, Waste Mgmt., 162 F.R.D. at 36, they have a special interest in the subject matter of the suit, Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir.1970), or existing counsel is in need of assistance, United States v. Gotti, 755 F.Supp. 1157, 1158 (E.D.N.Y.1991); News & Sun-Sentinel Co. v. Cox, 700 F.Supp. 30, 32 (S.D.Fla.1988) (*quoting* Donovan v. Gillmor, 535 F.Supp. 154, 159

(N.D.Ohio), *appeal dismissed*, 708 F.2d 723 (6th Cir.1982)). A motion for leave to file an amicus curiae brief, however, should not be granted unless the court " 'deems the proffered information timely and useful,' " Yip, 606 F.Supp. at 1568 (quoting 3A C.J.S. Amicus Curiae § 3 (1973)).
Bryant, 923 F. Supp. at 727-728.

The undersigned has reviewed the proposed *amicus* brief (DE 72-1), and deems the proffered information timely and useful. Accordingly, the instant motion (DE-72) is GRANTED. The filing at docket entry 72-1 shall be considered as part of the record in this matter.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, January 20, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE