IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-265-H

MICHAEL BATEMAN, VIRGIL GREEN, )
FORREST MINGES, JR., GRNC/FFE, )
INC., and SECOND AMENDMENT )
FOUNDATION, INC., )
)
    Plaintiffs, )
)
)     **ORDER**
    v. )
)
BEVERLY PERDUE, REUBEN F. )
YOUNG, STOKES COUNTY, and )
CITY OF KING, )
)
    Defendants. )

This matter is before the court on motions to dismiss filed by defendant Stokes County [DE #27], defendant City of King [DE #32], and the State of North Carolina on behalf of defendants Beverly Perdue and Reuben F. Young [DE #29]. Appropriate responses and replies have been filed, and the time for further filings has expired.

### BACKGROUND

At issue in this case are North Carolina statutory provisions restricting or authorizing the restriction of firearms during declared states of emergency. North Carolina General Statute § 14-288.7 makes it a Class 1 misdemeanor "for

any person to transport or possess off his own premises any dangerous weapon or substance in any area" in which a state of emergency has been declared by the Governor, a municipality or a county. A state of emergency is defined as

> The condition that exists whenever, during times of public crisis, disaster, rioting, catastrophe, or similar public emergency, public safety authorities are unable to maintain public order or afford adequate protection for lives or property, or whenever the occurrence of any such condition is imminent.

N.C. Gen. Stat. § 14-288.1(10). Declarations of states of emergency may also contain "prohibitions and restrictions . . . [u]pon the possession, transportation, sale, purchase, storage, and use of dangerous weapons and substances." N.C. Gen. Stat. § 14-288.12(b) (municipal declarations); see also N.C. Gen. Stat. § 14-288.13(b) (county declarations); N.C. Gen. Stat. § 14-288.15(d) (gubernatorial declarations). Violation of any such prohibition or restriction is punishable as a Class 2 misdemeanor if declared by the Governor and as a Class 3 misdemeanor if declared by a municipality or county.

Plaintiffs filed this action seeking declaratory and injunctive relief prohibiting the enforcement of these firearm restrictions. Plaintiffs assert that these statutory provisions violate their Second Amendment right to keep and bear arms. Defendants each move to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief

2

can be granted. The State of North Carolina also moves to dismiss for lack of subject matter jurisdiction.

## COURT'S DISCUSSION

### I. Plaintiffs' Claim

Plaintiffs' sole claim for relief is for permanent injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiffs allege that

> North Carolina Gen. Stat. § 14-288.7, forbidding the carrying of firearms and ammunition during declared states of emergency, is unconstitutional, in that it forbids the exercise of Second Amendment rights, damaging plaintiffs in violation of 42 U.S.C. § 1983.

(Compl. ¶ 32.) Additionally, plaintiffs claim N.C. Gen. Stat. §§ 14-288.12(b)(4), 14-288.13(b), 14-288.14(a), and 14-288.15(d) are unconstitutional

> to the extent they enable government officials to prohibit the purchase, sale, and possession of firearms and ammunition . . . in that they forbid the exercise of Second Amendment rights, damaging plaintiffs in violation of 42 U.S.C. § 1983.

(Compl. ¶ 33.)

### II. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th

3

Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). However, it must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The court need not accept as true legal conclusions couched as factual allegations. Twombly, 550 U.S. at 555.

### III. Motions to Dismiss Stokes County and the City of King

The court first addresses the motions to dismiss filed by defendants Stokes County and the City of King. They assert they are not proper defendants to plaintiffs' § 1983 claim and should be dismissed from the action.

4

"[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution [or laws of the United States]." Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690 (1978). Absent "official . . . policy of some nature," a local governmental body is simply not liable under § 1983. Id. (noting that "official policy" may include governmental custom).

In this case, plaintiffs challenge North Carolina statutes that restrict or authorize the restriction of firearms during declared states of emergency. Under North Carolina law, Stokes County and the City of King are authorized to declare states of emergency, as well as to impose restrictions of firearms during declared states of emergency. See N.C. Gen. Stat. § 14-288.12, -288.13. The existence of this statutory authority is not enough, however, to state a claim for relief pursuant to § 1983. To impose liability against either Stokes County or the City of King, there must have been some "deliberate action attributable to the [local governmental body]" that is the "moving force" behind a deprivation of the plaintiffs' federal rights. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 400 (1997). Because plaintiffs are challenging only the state statutes and not any ordinance, regulation, policy or custom of either of these

5

governmental bodies, plaintiffs' § 1983 claim against them fails.

## IV. Motion to Dismiss the State Defendants

Also before the court is a motion to dismiss filed by the State of North Carolina on behalf of defendants Beverly Perdue, the Governor of North Carolina, and Reuben F. Young, the Secretary of North Carolina's Department of Crime Control and Public Safety (collectively referred to as "the State Defendants"). Since the filing of the State Defendants' motion to dismiss, the parties have filed cross motions for summary judgment (See Plfs.' Mot. Summ. J. [DE #44]; Dfs.' Mot. Summ. J. [DE #52].) In their motion for summary judgment, the State Defendants incorporate by reference the arguments raised in the brief supporting their motion to dismiss, as well as their reply brief. (Dfs.' Brief Supp. Mot. Summ. J. [DE #53] at 2.) Plaintiffs have responded to the State Defendants' summary judgment motion, also referring to their previously filed brief opposing the State Defendants' motion to dismiss.

In light of these circumstances, the court construes the State Defendants' motion for summary judgment as a motion to dismiss or, in the alternative, for summary judgment. The court will rule on the parties' summary judgment motions in due course and in so doing will consider the briefs previously submitted in support and opposition of the State Defendants' motion to

6

dismiss, as well as the parties' summary judgment briefs. The State Defendants' motion to dismiss [DE #29] is DISMISSED as moot.

## CONCLUSION

For the foregoing reasons, the motions to dismiss filed by defendant Stokes County [DE #27] and defendant City of King [DE #32] are GRANTED. The following motions are dismissed as moot: the motion for summary judgment filed by defendant Stokes County [DE #65]; the motion for summary judgment filed by defendant City of King [DE #62]; and the motion to dismiss filed by the State Defendants [DE #29]. Remaining before the court is plaintiffs' claim against the State Defendants.

This 31st day of March 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31