IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BATEMAN, et al., | ) | Case No. 5:10-CV-265-H |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEVERLY PERDUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF NEWLY DECIDED AUTHORITY

TO THE HONORABLE COURT AND ALL PARTIES, please take notice that on July 6, 2011, the Court of Appeals for the Seventh Circuit issued an opinion in *Ezell* v. *City of Chicago*, 2011 U.S. App. LEXIS 14108 (7th Cir. July 6, 2011), ordering the issuance of a preliminary injunction against the City of Chicago's gun range ban, as a violation of the Second Amendment. Plaintiff Second Amendment Foundation, Inc. was a prevailing party in *Ezell*.

*Ezell* comprehensively addresses numerous issues argued by the parties in this case, resolving all of them—and more—in Plaintiffs' favor. *Ezell*'s most salient points, for purposes of this case, are noted in turn:

    1.    *No Presumption of Constitutionality in Second Amendment Cases*

"The judge was evidently concerned about the novelty of Second Amendment litigation and proceeded from a default position in favor of the City. The concern is understandable, but the default position cannot be reconciled with *Heller*." *Ezell*, 2011 U.S. App. 14108 at *35.

2. *The Second Amendment Applies Outside the Home*

The Seventh Circuit held that plaintiffs had a Second Amendment right to operate and use gun ranges to practice their shooting skills, activity that usually occurs outside the home: "The right to possess firearms for protection implies a corresponding right to acquire and maintain proficiency in their use; the core right wouldn't mean much without the training and practice that make it effective." *Ezell*, 2011 U.S. App. LEXIS 14108 at *48.

3. *Individual Standing to Bring Facial Challenges in Second Amendment Context*s.

In *Ezell*, three individuals asserted that their Second Amendment rights were violated because the city barred them from training and practicing with their firearms. The Seventh Circuit held that plaintiffs' standing "is not in serious doubt." 2011 U.S. App. LEXIS 14108 at *19. Their "injuries easily support Article III standing." *Id.*, at *20. "Their injuries are clear."*Id.*, at *21.

The Seventh Circuit engaged in an extended discussion explaining the nature and merits of facial challenges to enactments barring the use of firearms, and declined to adopt a "no set of circumstances rule" as urged by the Defendants here. *See Ezell*, 2011 U.S. App. LEXIS 14108 at *27-*31.

4. *Associational Standing*

The Seventh Circuit upheld Plaintiff Second Amendment Foundation's standing to assert Second Amendment challenges:

> The Second Amendment Foundation and the Illinois Rifle Association have many members who reside in Chicago and easily meet the requirements for associational standing: (1) their members would otherwise have standing to sue in their own right; (2) the interests the associations seek to protect are germane to their organizational purposes; and (3) neither the claim asserted nor the relief requested requires the participation of individual association members in the lawsuit.

*Ezell*, 2011 U.S. App. LEXIS at *22 (citations omitted). The Seventh Circuit also followed the rule that there was not even a need to examine the Second Amendment Foundation's standing, considering the individual plaintiffs had standing. *Id.*, at *22-*23 n.7.

5.  *Heightened Scrutiny in Second Amendment Cases*

Plaintiffs contend that the challenged provisions prohibit conduct protected by the core Second Amendment right. In the alternative, to the extent the Court might view the challenged provisions as regulations of Second Amendment-protected activity, the question is one of means-ends scrutiny. In that event, the parties dispute the appropriate standard of review.

The Seventh Circuit discussed the standard of review issue at some length, and offered the following observations:

> Borrowing from the Court's First Amendment doctrine, the rigor of this judicial review [in Second Amendment cases] will depend on how close the law comes to the core of the Second Amendment right and the severity of the law's burden on the right.

*Ezell*, 2011 U.S. App. 14108 at *43-*44 (citations omitted).

> Both *Heller* and *McDonald* suggest that First Amendment analogues are more appropriate [than abortion analogues], *see Heller*, 554 U.S. at 582, 595, 635; *McDonald*, 130 S. Ct. at 3045, and on the strength of that suggestion, we and other circuits have already begun to adapt First Amendment doctrine to the Second Amendment context.

*Ezell*, 2011 U.S. App. LEXIS 14108 at *55 (citations omitted).

> Labels aside, we can distill this First Amendment doctrine and extrapolate a few general principles to the Second Amendment context. First, a severe burden on the core Second Amendment right of armed self-defense will require an extremely strong public-interest justification and a close fit between the government's means and its end. Second, laws restricting activity lying closer to the margins of the Second Amendment right, laws that merely regulate rather than restrict, and modest burdens on the right may be more easily justified. How much more easily depends on the relative severity of the burden and its proximity to the core of the right.

*Ezell*, 2011 U.S. App. LEXIS at *59.

In *Ezell*, the Seventh Circuit concluded that "a more rigorous showing than that applied in [*United States* v. *Skoien*, 614 F.3d 638 (7th Cir. 2010) (en banc)] should be required, if not quite 'strict scrutiny.'" *Ezell*, at *60. Defendants relied on *Skoien*, which concerned a challenge to the domestic violence firearms prohibition brought by an individual who wished to use a gun for hunting. Clearly, the *Ezell* claim, by law-abiding individuals seeking to engage in self-defense, triggered a higher level of review.

Dated: July 18, 2011                              Respectfully submitted,

/s/ Alan Gura                                           /s/ Wes J. Camden
Alan Gura                                               Kearns Davis
Gura & Possessky, PLLC                                  N.C. State Bar No. 22014
101 N. Columbus Street, Suite 405                       kdavis@brookspierce.com
Alexandria, VA 22314                                    Wes J. Camden
703.835.9085/Fax 703.997.7665                           N.C. State Bar No. 33190
                                                        wcamden@brookspierce.com
                                                        BROOKS, PIERCE, MCLENDON,
*Counsel for Plaintiffs*                                     HUMPHREY & LEONARD, L.L.P.
                                                        1600 Wachovia Center
                                                        150 Fayetteville Street
                                                        Raleigh, NC 27601
                                                        Telephone: 919-839-0300
                                                        Facsimile: 919-839-0304

                                                        *Local Civil Rule 83.1 Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

       I hereby certify that on this the 18th day of July, 2011, I electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Walter W. Pitt, Jr. | Alexander McC. Peters |
| Kevin G. Williams | Special Deputy Attorney General |
| Bell, Davis & Pitt | North Carolina Dept. of Justice |
| P.O. Box 21029 | P. O. Box 629 |
| Winston-Salem, NC 27120 | Raleigh, NC 27602 |

Henry W. Jones, Jr.
Lori P. Jones
Jordan Price Wall Gray Jones &
   Carlton, PLLC
1951 Clark Avenue
P.O. Box 10669
Raleigh, NC 27605

                                    /s/Alan Gura
                                    Counsel for Plaintiffs