THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:10-cv-265-H

| | |
|---|---|
| MICHAEL BATEMAN, VIRGIL GREEN, FORREST MINGES, JR., GRNC/FFE, INC., and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BEVERLY PERDUE & REUBEN F. YOUNG, <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** |

The plaintiffs in this matter obtained precisely the relief they sought in bringing this action—an order from the Court declaring North Carolina's emergency declaration statutes unconstitutional. In an action, such as this one, to remedy the deprivation of a constitutional right under Section 1983, the Court is empowered by statute to award the prevailing party a reasonable attorneys' fee (along with costs). Because the plaintiffs prevailed on their claims and the amount they seek to recover is reasonable, they respectfully request that the Court enter an order awarding them their attorneys' fees and costs.

**SUMMARY OF THE NATURE OF THE CASE
AND STATEMENT OF RELEVANT FACTS**

Michael Bateman, Virgil Green, Forrest Minges, Jr., GRNC/FFE, Inc., and the Second Amendment Foundation, Inc. (collectively, the "Plaintiffs") instituted this action on June 28, 2010. [Docket No. 1]. They brought suit against Defendants Beverly Perdue and Reuben F.

1

Young ("Defendants") under the Second Amendment to the U.S. Constitution and 42 U.S.C. § 1983, seeking as relief an order declaring unconstitutional and enjoining the Defendants' ability to enforce the emergency declaration statutes. The Plaintiffs specifically requested an award of attorneys' fees and costs under 42 U.S.C. § 1988 in the prayer for relief of their Complaint.

Defendants sought to terminate this action both through motions to dismiss and for summary judgment. [Docket No. 29, 52]. Plaintiffs opposed these motions and also submitted their own motion for summary judgment with supporting memorandum and affidavits. [Docket No. 44, 45]. This Court entered an order on March 31, 2011 dismissing Stokes County and the City of King from the case and dismissing as moot the Defendants' motion to dismiss, based on their subsequent filing of a motion for summary judgment. [Docket No. 84]. On March 29, 2012, the Court entered an order denying the Defendants' motion for summary judgment and granting the Plaintiffs' motion for summary judgment. [Docket No. 87]. In so doing, the Court found that Defendants' enforcement of the emergency declaration statutes violated the Second Amendment.

## LEGAL ARGUMENT

The Plaintiffs are entitled to an order pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920 awarding them attorneys' fees and costs in the amount of $48,883.50 and $1,137.87, respectively. The Plaintiffs are plainly the prevailing party in this matter because they secured the relief they sought—a declaration that the Defendants' ability to enforce the emergency declaration statutes violated their Second Amendment right to bear arms. As set forth below, the amount of fees the Plaintiffs seek is reasonable and warranted under the circumstances of this case.

## I. The Plaintiffs Are Prevailing Parties Entitled To Recover Attorneys' Fees Under Section 1988

Section 1988 of Title 42 of the United States Code provides that "in any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of the title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The U.S. Supreme Court has held that a plaintiff in a civil rights action "prevails" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way the directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *see also Mercer v. Duke Univ.*, 401 F.3d 199, 203 (4th Cir. 2005). Although Section 1988 uses discretionary language, the Fourth Circuit and numerous other courts have held that a district court lacks discretion to deny a prevailing plaintiff its attorneys' fees in all but the most unusual of circumstances. *See, e.g.*, *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 606 (4th Cir. 1997) ("[A] plaintiff who prevails under a civil rights statute that contains a fee shifting provision ordinarily is to be awarded attorneys fees in all but special circumstances . . . .") (quotations omitted); *Coppedge v. Franklin County Bd. of Educ.*, 345 F. Supp. 2d 567, 570 (E.D.N.C. 2004).[1]

---

[1] *See also N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68 (1980) (holding with respect to fee-shifting provision of Title VII, which the Court stated was "similar in purpose and design" to Section 1988, that "the court's discretion to deny a fee award to a prevailing plaintiff is narrow"); *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 415 (7th Cir. 2005) ("Although the language of the fee-shifting statute vests a district court with discretion to award attorneys' fees to the prevailing party, this court generally has held that prevailing civil rights plaintiffs are entitled to their attorneys' fees as a matter of course.") (quotations omitted); *Solomon v. City of Gainesville*, 796 F.2d 1464, 1466 (11th Cir. 1986) ("[A]bsent special circumstances that would render an award unjust, a prevailing party under section 1988 should be awarded fees as a matter of course.") (quotations omitted); *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir. 1981) ("Although a district court's grant or denial of attorneys' fees is reviewable only for abuse of discretion, the discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under s 1988 is exceedingly narrow.").

Here, the Plaintiffs are unquestionably prevailing parties. In granting the Plaintiffs' summary judgment motion, the Court awarded the publishers the relief they sought in all respects—an order declaring the Defendants' ability to enforce the emergency declaration statutes violated their Second Amendment right to bear arms. As a result, the Plaintiffs' victory in this matter was without qualification or caveat, and it will fundamentally alter the Defendants' behavior in a way that benefits each of the plaintiffs. By declaring the emergency declaration statutes unconstitutional, the Court's order allows the Plaintiffs to exercise their right under the Second Amendment to bear arms even if the governor declares a state of emergency in North Carolina.

The fact that the Plaintiffs sought declaratory and injunctive relief, rather than money damages, is immaterial for purposes of Section 1988. Under *Farrar*, irrespective of whether the result obtained is monetary or declaratory, the touchstone remains whether the plaintiff obtained relief that altered the defendant's behavior in a way that benefitted the plaintiff. *See Farrar*, 506 U.S. at 110 ("We reaffirmed [in *Rhodes v. Stewart*, 488 U.S. 1 (1988)] that a judgment—declaratory or otherwise—'will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff.'") (quoting *Rhodes*, 488 U.S. at 4). Accordingly, the Plaintiffs are entitled to an award of attorneys' fees under Section 1988. *See Farrar*, 506 U.S. at 111-12; *Mercer*, 401 F.3d at 203.

**II.     The Amount Of Attorneys' Fees The Plaintiffs Seek Is Reasonable**

The Plaintiffs request that the Court award them $48,883.50 and $1,137.87 in attorneys' fees and costs, respectively, as well as fees and costs incurred from May 2012 through the conclusion of this case. In determining whether a request under Section 1988 is reasonable, the Fourth Circuit requires that a district court "identify the number of hours reasonably expended on the litigation and multiply that number by a reasonable rate." *Johnson v. City of Aiken*, 278 F.3d

4

333, 337 (4th Cir. 2002); *Coppedge*, 345 F. Supp. 2d at 574. This product is the so-called "lodestar" figure. *Coppedge*, 345 F. Supp. 2d at 574.

The court assesses the reasonableness of the hours spent and rate charged by considering a range of 12 factors first outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Daly v. Hill*, 790 F.2d 1071, 1076, 1077-78 (4th Cir. 1986). In *Coppedge*, this Court set out the 12 *Johnson* factors as follows:

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal services; (4) the attorney's opportunity costs in pursuing the litigation; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases.

*Coppedge*, 345 F. Supp. 2d at 574.

After arriving at the lodestar figure, the court makes any necessary adjustments for fees associated with unsuccessful, unrelated claims or for results that fell short of complete success. *See Johnson*, 278 F.3d at 337. However, according to the Fourth Circuit, "[a] proper computation of the lodestar fee will, in the great majority of cases, constitute the 'reasonable fee' contemplated by § 1988." *Daly*, 790 F.2d at 1078. Indeed, the Supreme Court has held that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). As set forth below, the amount sought by the Plaintiffs constitutes a reasonable lodestar of their attorneys' fees in this matter.

5

A. The Hours Expended By The Plaintiffs' Attorneys Are Reasonable

The total number of hours expended by the Plaintiffs' attorneys in this litigation is reasonable. As set forth in the Declarations of Alan Gura and Kearns Davis, these hours are well-documented in the Plaintiffs' detailed submissions, and the Plaintiffs' attorneys have scrutinized these hours again in connection with the filing of this Motion, with any excessive or unnecessary billing entries removed. This is consistent with the Fourth Circuit's mandate that "the number of hours must be reasonable and must represent the product of 'billing judgment.'" *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994); *see also Coppedge*, 345 F. Supp.2d at 574-75. The *Johnson* factors bearing most directly on the reasonableness of the hours spent are the time required to litigate the dispute and the results obtained. *See Coppedge*, 345 F. Supp. 2d. at 575.

The total number of hours of attorney time requested, including 67.7 by Alan Gura, 27.80 by Kearns Davis, 33.80 by Andrew Tripp, and 12.40 by Wes Camden, represents a reasonable amount of time spent to litigate this matter. This case has been pending for over two years. It has included substantial merits briefing, including briefing on the Defendants' motion to dismiss and the parties' cross-motions for summary judgment. In view of the extensiveness of this litigation, the hours worked by the Plaintiffs' attorneys and for which they seek recovery under Section 1988 are reasonable and appropriate.

The reasonableness of the hours spent by the Plaintiffs' attorneys is further supported by the outstanding results obtained. The Court's Order granting the Plaintiffs' summary judgment motion represents a complete vindication of the Plaintiffs' constitutional right to possess firearms "at a time when the need for self-defense may be at its very greatest." As described above, they sought a declaration from the Court that the Defendants' enforcement of the emergency

declaration statutes, which "strip peaceable, law abiding citizens of the right to arm themselves in defense of hearth and home" is unconstitutional. They achieved that very result in winning summary judgment. The result not only will materially alter the Defendants' behavior in a way that benefits the Plaintiffs, it will also likely cause Defendants' to forego enforcement of the emergency declaration statutes against any North Carolina citizen.

B.  The Rates Charged By The Plaintiffs' Attorneys Are Reasonable

According to the Fourth Circuit, a reasonable hourly rate is one that is at the "prevailing market rate[] in the relevant community." *Rum Creek Coal Sales*, 31 F.3d at 175; *see also Coppedge*, 345 F. Supp. 2d at 576. In determining an appropriate hourly rate, three factors set out in *Johnson* are particularly relevant, the customary fee charged for such services, the experience, reputation, and ability of the attorneys involved, and awards in similar cases. *See Coppedge*, 345 F. Supp. 2d at 576. Each of these factors strongly supports the lodestar rates requested by the Plaintiffs.

As set out in the Gura and Davis Declarations, the hourly rates sought are customary for the type of work performed by the Plaintiffs' attorneys in this matter. Plaintiffs' counsel all have significant experience in litigating complex federal cases, and the rates they customarily charge—and that are sought in connection with this Motion—are commensurate with the degree of skill and experience each of them has in this field. As lead counsel, Mr. Gura successfully argued the individual-rights model of the Second Amendment adopted by the Supreme Court for the first time in *Heller v. District of Columbia*. Two years after arguing *Heller*, Mr. Gura returned to the Supreme Court to achieve another unprecedented victory in *McDonald* v. *City of Chicago*. His experience and record of success in the area of Second Amendment jurisprudence

7

are unparalleled.  Moreover, Mr. Davis and his colleagues routinely practice in the federal courts throughout North Carolina in complex civil and criminal matters.

In addition, The National Law Journal annually publishes as survey of the hourly rates charged by law firms across the nation, including law firms based in North Carolina.  Excerpts from The National Law Journal's most recent survey are attached to this memorandum as Exhibit A.  That survey further shows that the hourly rates charged by the Plaintiffs' attorneys in this matter are well within the range of fees charged by comparable North Carolina-based firms.  Based on the evidence submitted by the Plaintiffs, the customary, historical rates charged by their attorneys and sought in this Motion comport with the prevailing rates charged in North Carolina by attorneys with comparable skills and experience and therefore are reasonable under Fourth Circuit law.

C.     The Plaintiffs Are Entitled To Their Entire Fee

The Supreme Court and Fourth Circuit have stressed that the lodestar figure <u>is</u> the prevailing plaintiff's award in nearly all cases.  *See Hensley*, 461 U.S. at 435; *Daly*, 790 F.2d at 1078.  Here, there is no basis for downwardly adjusting the lodestar amount because the Plaintiffs won a complete victory.  A full award is further justified by the significant public benefits conferred by the Plaintiffs' victory in this matter.  The Supreme Court has recognized that Section 1988 reflects a policy decision on the part of Congress "to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages."  *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).  The results obtained in this case—an order declaring the Defendants' enforcement of the emergency declaration statutes unconstitutional—benefits not only the Plaintiffs, but also similarly situated citizens across North Carolina.  "The affirmation of

8

constitutional principles produces an undoubted public benefit that courts must consider in awarding attorneys' fees under Section 1988." *Atlanta Journal & Constitution v. City of Atlanta Dept. of Aviation*, 347 F. Supp. 2d 1310, 1322 (N.D.Ga. 2004).

Distilled to its essence, this case is about a government regulation that ultimately could not survive constitutional scrutiny. The Defendants made the decision to adhere to a policy that impaired the Plaintiffs in the exercise of their Second Amendment right to keep and bear arms. However, the prohibition had a far wider impact than simply on the Plaintiffs themselves. The efforts of the Plaintiffs to set aside the Defendants' unconstitutional enforcement of the emergency declaration statutes, therefore, carries significant weight as this Court considers the fee it should set under Section 1988 to appropriately reward the Plaintiffs for their success in those efforts.

## **CONCLUSION**

For the reasons set forth herein and in the evidentiary submissions filed contemporaneously herewith, the Plaintiffs are entitled under Section 1988 and 28 U.S.C. § 1920 to an award of $48,883.50 and $1,137.87 in attorneys' fees and expenses, respectively, as well as of those fees and expenses the publishers incur from April 2012 through the conclusion of this case.

Respectfully submitted, this the 11th of June, 2012.

/s/ Wes J. Camden
Kearns Davis
N.C. State Bar No. 22014
kdavis@brookspierce.com
Wes J. Camden
N.C. State Bar No. 33190
wcamden@brookspierce.com

BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, L.L.P.
1600 Wachovia Center
150 Fayetteville Street
Raleigh, NC 27601
Telephone: 919-839-0300
Facsimile: 919-839-0304

*Local Civil Rule 83.1 Counsel for Plaintiffs*

Alan Gura
GURA & POSSESSKY, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
Telephone: 703-835-9085
Facsimile: 703-997-7665

*Counsel for Plaintiffs*

| | |
|---|---|
| MICHAEL BATEMAN, VIRGIL GREEN, FORREST MINGES, JR., GRNC/FFE, INC., and SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BEVERLY PERDUE, REUBEN F. YOUNG,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS was served on the parties and counsel of record in this case by the CM/ECF system for the Eastern District of North Carolina, including:

>Alexander McClure Peters
>N.C. Department of Justice
>P. O. Box 629
>Raleigh, NC 27602-0629

This the 11th day of June, 2012

>/s/ Wes J. Camden
>Wes J. Camden
>N.C. Bar No. 33190
>E-mail: wcamden@brookspierce.com
>
>*Local Civil Rule 83.1*
>*Counsel for Plaintiffs*
>
>BROOKS, PIERCE, McLENDON,
>HUMPHREY & LEONARD, L.L.P.
>P.O. Box 1800
>Raleigh, NC 27602
>Telephone: 919-839-0300
>Facsimile: 919-839-0304