THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:10-cv-265-H

MICHAEL BATEMAN, VIRGIL GREEN,             )
FORREST MINGES, JR., GRNC/FFE, INC., AND   )
SECOND AMENDMENT FOUNDATION, INC.,         )
                                           )
                                           )
            Plaintiffs,                    )
                                           )
                                           )     **DECLARATION OF ALAN GURA IN**
      v.                                   )     **SUPPORT OF MOTION FOR**
                                           )     **ATTORNEY'S FEES AND COSTS**
                                           )
BEVERLY PERDUE & REUBEN F.                 )
YOUNG,                                     )
                                           )
                                           )
            Defendants.                    )
                                           )
                                           )

I, Alan Gura, declare the following:

1.      I am over the age of 18 and am competent to testify to the matters set forth herein,

of which I have personal knowledge.  I am co-counsel in this action and counsel of record for

Plaintiffs Michael Bateman, Virgil Green, Forrest Minges, Jr., GRNC/FFE, Inc., and Second

Amendment Foundation, Inc. (collectively, "Plaintiffs").

2.      This Declaration is provided in support of Plaintiffs' Motion for Attorneys' Fees

and Costs in this matter.

3.      I am a partner with the law firm of Gura & Possessky, PLLC in Alexandria,

Virginia.  I graduated from Cornell University in 1992 and the Georgetown University Law

Center in 1995.  After completing law school, I served as a law clerk to Judge Terrence W.

Boyle, United States District Court, Eastern District of North Carolina.  Prior to founding Gura

& Possessky, I served as a Deputy Attorney General for the State of California, as Counsel to the

United States Senate Judiciary Committee and as a litigation associate for the Washington

offices of Sidley Austin. I was first admitted to practice law in California in 1995. I am also an active member in good standing of the District of Columbia Bar and the Virgina State Bar, as well as numerous federal bars.

4. My practice is national in scope and focuses primarily on constitutional law, with an emphasis on representing individuals seeking to enforce the government's compliance with constitutional requirements.

5. I served as lead counsel in *District of Columbia* v. *Heller*, 554 U.S. 570 (2008) in which my clients successfully challenged Washington, DC's handgun ban before the United States Supreme Court. I returned to the high court two years later to successfully argue in *McDonald* v. *City of Chicago*, 130 S. Ct. 3020 (2010) that the Second Amendment binds not only the federal government, but state and local government officials as well. My experience in the area of Second Amendment litigation is also represented in the following published cases: *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011); *NRA v. City of Chicago ("McDonald II")*, 646 F.3d 992 (7th Cir. 2011); *Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011); *Parker v. District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), and *Woollard v. Sheridan*, No. L-10-2068, 2012 U.S. Dist. LEXIS 28498 (D. Md. Mar. 2, 2012).

6. My firm has provided legal advice and representation to Plaintiffs in connection with this dispute since 2010. My co-counsel in this matter has been Kearns Davis of Brooks, Pierce, McLendon, Humphrey & Leonard, LLP ("Brooks Pierce"), in Greensboro, North Carolina.

7. Plaintiffs primarily engaged me to institute and prosecute this action. Throughout this litigation, Mr. Davis and I were supported by Andrew Tripp and Wes Camden—associates with Brooks Pierce.

8.     As co-counsel and counsel with overall responsibility for this litigation, I participated in the preparation of this case, including the drafting of pleadings and memoranda of law.

9.     The work performed and expenses incurred in this action are detailed in contemporaneous line-item billing summaries setting forth my daily time charges in connection with this litigation, which are attached hereto as Exhibit A. Exhibit A hereto accurately describes by date and narrative, albeit without disclosing attorney-client privileged materials or attorney work product, the tasks performed by me for which Plaintiffs seek to recover. All time charges described in Exhibit A were necessary to achieve the results obtained by Plaintiffs in this case.

10.    Exhibit A also lists the expenses incurred in connection with my representation of the plaintiffs, and contains the relevant receipts. I am seeking recovery of expenses involved in one visit to North Carolina to meet with co-counsel and then-prospective clients, and one dinner with a client in this case who came to see me at my Virginia office.

11.    As my practice is almost entirely limited to public interest litigation, I do not have an established hourly billing rate that I bill in all cases. Typically I work on a flat fee basis (usually only for discreet tasks, such as the filing of an amicus brief), entirely pro bono where appropriate, on a blended basis (reduced fees plus small contingency), or for rates substantially below the market, which my pro bono clients could afford, in exchange for an assignment of attorney fee rights and a refund of the difference. For flat fee work, I have charged for-profit clients up to two and a half times what I have charged public interest clients for similar services. My hourly rate for private, non-pro-bono clients is currently $600/hr. In *Heller*, the court awarded me fees at a rate of $435/hour, and in *McDonald*, the court awarded me fees at a rate of $539/hour.

12.     I have reviewed the billing documents and summaries thereof showing my time and billing entries in connection with the work performed for Plaintiffs in this matter. I have eliminated excessive and redundant time. Based upon my litigation experience, as well as my special expertise in the civil rights matters, my interaction with other firms across the country that practice in the same area, and my familiarity with the billing rates charged by other attorneys, I believe that $435/hour is a reasonable rate and in keeping with the rates charged by other attorneys of comparable experience, reputation, and skill in North Carolina and for this type of matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 11th day of June, 2012.

_____
Alan Gura

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:10-cv-265-H

| | | |
|---|---|---|
| MICHAEL BATEMAN, VIRGIL GREEN, FORREST MINGES, JR., GRNC/FFE, INC., and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **CERTIFICATE OF SERVICE** |
| BEVERLY PERDUE, REUBEN F. YOUNG, | ) ) | |
| Defendants. | ) ) ) | |

      I hereby certify that the foregoing DECLARATION OF ALAN GURA IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS was served on the parties and counsel of record in this case by the CM/ECF system for the Eastern District of North Carolina, including:

              Alexander McClure Peters
              N.C. Department of Justice
              P. O. Box 629
              Raleigh, NC 27602-0629

      This the 11th day of June, 2012

| |
|---|
| /s/ Wes J. Camden |
| Wes J. Camden |
| N.C. Bar No. 33190 |
| E-mail: wcamden@brookspierce.com |
| |
| *Local Civil Rule 83.1* |
| *Counsel for Plaintiffs* |
| |
| BROOKS, PIERCE, McLENDON, HUMPHREY & LEONARD, L.L.P. |
| P.O. Box 1800 |
| Raleigh, NC 27602 |
| Telephone: 919-839-0300 |
| Facsimile: 919-839-0304 |